TRANSPORTATION INSTITUTE, et al.

v.

Elizabeth H. DOLE, as Secretary of Transportation, et al., Appellants.

No. 85–5619.

United States Court of Appeals, District of Columbia Circuit.

Aug. 18, 1987.

Jonathan Blank, Kathryn P. Broderick, Washington, D.C., for Transp. Institute.

James M. Altman, Great Neck, N.Y., for Seafarers Intern.

Larry Lavinsky, Joan McAvoy, New York City, for intervenors.

Edward Silver, New York City, for Joint Maritime Congress et al.

Before WALD, Chief Judge, ROBINSON and BORK, Circuit Judges.

ORDER

PER CURIAM.

Upon consideration of the joint motion for order vacating judgment and dismissing action for mootness, it is

ORDERED, by the Court, that the aforesaid motion is granted and the February 21, 1985 judgment and opinion of the District Court, 603 F.Supp. 888 (D.C.1985), is hereby vacated and the above entitled case is hereby remanded to the district court with directions to dismiss the action as moot.

The Clerk is directed to transmit a certified copy of this order to the Clerk of the District Court in lieu of formal mandate.

FEDERAL TRADE COMMISSION, Appellant,

v.

OWENS–ILLINOIS, INC., et al., Appellees.

No. 88–5048.

United States Court of Appeals, District of Columbia Circuit.

Feb. 19, 1988.

Before ROBINSON, EDWARDS and STARR *, Circuit Judges.

ORDER

PER CURIAM.

Upon consideration of Appellant's Emergency Motion for Provisional Injunctive Relief and the Opposition thereto, it is

ORDERED by the court that the motion be granted. The proposed merger of appellees Owens–Illinois, Incorporated and Brockway, Incorporated is therefore enjoined until further order of the court. It is

FURTHER ORDERED that appellant file its motion for injunction pending appeal, if any, by 12:00 p.m., February 23, 1988. Appellees' response is due no later than 10:00 a.m., February 24, 1988.

This order is not to be understood by the parties as an indication of how the court will rule on the merits of any request for injunctive relief pending appeal. The purpose of this order is only to allow the parties and the court additional time to assess whether injunctive relief is warranted by the facts of this case.

* Judge Starr would deny the motion.